**Luis ZULUETA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75006.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Alison Dixon, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Office of Immigration Lit., U.S. Department of Justice, Washington, DC, Jeffrey P. Ray, Kansas City, MO, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Luis Zulueta, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' decision, affirming and adopting an Immigration Judge's order, denying his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT") and voluntary departure. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence and reverse only if the evidence compels a contrary conclusion. *Chebchoub v. INS,* 257 F.3d 1038, 1042–43 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

The agency found Zulueta not credible, in part because he testified inconsistently regarding whether members of the New Peoples Army continued to harass him after he reported an earlier attack to the police, a matter at the heart of his claim. *See id.* at 1043 (noting that one inconsistency is sufficient to uphold an adverse

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

credibility finding). Zulueta has not shown that the record compels a conclusion contrary to that reached by the agency. *See id.* at 1043.

In the absence of credible testimony, Zulueta failed to demonstrate eligibility for asylum, withholding of removal or relief under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

We lack jurisdiction to review an IJ's denial of voluntary departure. *See Montero-Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**